UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONESTO B. RAMOS,<br><br>    Petitioner,<br><br>  v.<br><br>TOM CAREY, warden,<br><br>    Respondent. | No. C 05-4339 SI (pr)<br><br>**ORDER OF DISMISSAL** |

    Honesto B. Ramos, a prisoner at the California State Prison - Solano, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is not his first federal habeas petition concerning his 1997 conviction from the Santa Clara County Superior Court. His earlier habeas petition in Ramos v. Carey, No. C 03-1323 SI, was dismissed as untimely, and the dismissal was affirmed in Ramos v. Carey, Ninth Circuit No. 03-16758.

    A second or successive petition may not be filed in this court unless the petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Ramos has not obtained such an order from the Ninth Circuit. This court will not entertain a new petition from Ramos until he first obtains permission from the Court of Appeals for the Ninth Circuit to file such a petition. This action is DISMISSED without prejudice to Ramos filing a petition in this court after he obtains the necessary order from the Court of Appeals for the Ninth Circuit.

If Ramos wants to attempt to obtain the necessary order from the Ninth Circuit, he should very clearly mark the first page of his document as a "MOTION FOR ORDER AUTHORIZING DISTRICT COURT TO CONSIDER SECOND OR SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)" rather than labeling it as a habeas petition because the Ninth Circuit clerk's office is apt to simply forward to this court any document labeled as a habeas petition. He also should mail the motion to the Ninth Circuit (at 95 Seventh Street, San Francisco, CA 94103), rather than to this court. In his motion to the Ninth Circuit, he should explain how he meets the requirements of 28 U.S.C. § 2244(b).

In light of this dismissal, the motion for appointment of counsel is DENIED as moot. (Docket # 2.)

The clerk shall close the file.

IT IS SO ORDERED.

DATED: November 15, 2005

_____
SUSAN ILLSTON
United States District Judge

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONESTO B. RAMOS, | No. C 05-4339 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| TOM CAREY, warden, | |
| Respondent. | |

Honesto B. Ramos, a prisoner at the California State Prison - Solano, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is not his first federal habeas petition concerning his 1997 conviction from the Santa Clara County Superior Court. His earlier habeas petition in Ramos v. Carey, No. C 03-1323 SI, was dismissed as untimely, and the dismissal was affirmed in Ramos v. Carey, Ninth Circuit No. 03-16758.

A second or successive petition may not be filed in this court unless the petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Ramos has not obtained such an order from the Ninth Circuit. This court will not entertain a new petition from Ramos until he first obtains permission from the Court of Appeals for the Ninth Circuit to file such a petition. This action is DISMISSED without prejudice to Ramos filing a petition in this court after he obtains the necessary order from the Court of Appeals for the Ninth Circuit.

If Ramos wants to attempt to obtain the necessary order from the Ninth Circuit, he should very clearly mark the first page of his document as a "MOTION FOR ORDER AUTHORIZING DISTRICT COURT TO CONSIDER SECOND OR SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)" rather than labeling it as a habeas petition because the Ninth Circuit clerk's office is apt to simply forward to this court any document labeled as a habeas petition. He also should mail the motion to the Ninth Circuit (at 95 Seventh Street, San Francisco, CA 94103), rather than to this court. In his motion to the Ninth Circuit, he should explain how he meets the requirements of 28 U.S.C. § 2244(b).

In light of this dismissal, the motion for appointment of counsel is DENIED as moot. (Docket # 2.)

The clerk shall close the file.

IT IS SO ORDERED.

DATED: November 15, 2005

_____
SUSAN ILLSTON
United States District Judge